# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PRINCE F. RASHADA,**

    **Petitioner,**

  v.            Case No. 19-CV-894

**WARDEN RANDALL R. HEPP,**

    **Respondent.**

## ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

  Prince F. Rashada, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Rashada raises four grounds for relief. First, his "post-conviction counsel was ineffective for not filing a motion that trial counsel was ineffective …." (ECF No. 1 at 5.) Second, his appellate counsel was ineffective for not arguing that the evidence was insufficient to support his conviction. (ECF No. 1 at 6-7.) Third, his constitutional rights were violated when only hearsay was presented at his preliminary hearing. (ECF No. 1 at 8.) Finally, in his fourth claim he again argues that his appellate counsel was ineffective for failing to allege his trial counsel was ineffective, but for different reasons than those presented in his first claim. (ECF No. 1 at 10.)

Rule 4 of the Rules Governing Section 2254 Cases states:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c). Exhaustion of state remedies is a prerequisite to consideration of each claim sought to be presented in a federal habeas petition. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Exhaustion of state court remedies is a threshold issue, *Day v. McDonough*, 547 U.S. 198, 205 (2006), that a district court may raise *sua sponte*, *see U. S. ex rel. Lockett v. Illinois Parole & Pardon Bd.*, 600 F.2d 116, 117 (7th Cir. 1979); *Tate v. Borgen*, 2005 U.S. Dist. LEXIS 48282 (E.D. Wis. July 26, 2005). Before coming to federal court with a habeas claim, every level of state court must first be given a "full and fair opportunity" to adjudicate each of the prisoner's constitutional claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998) (citing *Picard v. Connor*, 404 U.S. 270, 276 (1971)). A full opportunity means the prisoner's claims were presented through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present claims "both the operative facts and controlling law must be put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citing *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)).

2

Ordinarily, before dismissing a petition for failure to exhaust at the Rule 4 stage, a court should afford the petitioner an opportunity to respond. *Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002). There are exceptions, however—for example, when it is clear that the petitioner has made no effort to exhaust his state remedies. *See, e.g., Belmares v. Schmidt*, 2016 U.S. Dist. LEXIS 114754 (E.D. Wis. Aug. 26, 2016).

Rashada acknowledges he did not exhaust his remedies in state court with respect to any of his claims. (ECF No. 1 at 6, 8, 9, 10.) The court has reviewed the records of the Wisconsin Court of Appeals, available at https://wscca.wicourts.gov, and confirmed that there was only a single proceeding related to Rashada's present conviction, *see* Appeal No. 2017AP002113-CR. The only issue presented in his brief, and thus the only issue the court of appeals addressed, was whether the circuit court erred when it denied Rashada's post-conviction motion for an in camera review of the victim's mental health records. His explanation for his failure to exhaust is the same as to each claim:

> Defendant was represented by counsel who was ineffective and failed to subject the prosecution's case to meaningful adversarial testing and provide fully competent effective assistance. The courts thus relied on such representation, regardless of the constitutional violations that were involved in denying defendant a proper defense based on equal protection.

(*Id.*)

Further clarification of this explanation is found in other points in his petition. The court understands Rashada to be alleging that he asked his appellate attorney to present certain claims, but he refused. Rashada asked the circuit court for a new attorney. It

responded that it does not get involved in disagreements about strategy but outlined the procedure to follow if he was dissatisfied with his attorney. (ECF No. 1-1 at 3.) Thus, Rashada's claims were not included in his direct appeal.

This might partially explain why Rashada did not offer his present grounds for relief in his direct appeal. But it does not explain why he has not subsequently sought relief in the state courts through a collateral proceeding. If a defendant believes his appellate counsel was ineffective, the traditional means of presenting such a claim in Wisconsin is by way of a *Knight* petition in the court of appeals. *See State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). Rashada offers no explanation for his failure to pursue this relief, or any other means that may provide redress, *see, e.g.*, Wis. Stat. § 974.06, for the claims he includes in his petition.

Therefore, it appears that Rashada has failed to exhaust his claims in state court and his petition must be dismissed. However, before dismissing the action, the court will give Rashada a chance to show cause as to why this action should not be dismissed.

**IT IS THEREFORE ORDERED:**

Rashada shall show cause no later than **August 9, 2019** as to why his petition should not be dismissed. **If Rashada fails to respond by this deadline, his petition will be dismissed without prejudice.**

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General. The respondent is

not required to respond to the petition. However, no later than **August 9, 2019**, the respondent must complete and file the "[Consent to Proceed Before a Magistrate Judge](#)" form.

No later than **August 23, 2019**, the respondent may, but is not required to, respond to Rashada's response to the court's order to show cause.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 10th day of July, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge